◼ DAVID OLES, an Infant, by MARILYN OLES, His Mother, Appellant, et al., Plaintiffs, v VILLAGE OF PHILMONT, Respondent, et al., Defendants.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered July 20, 1984 in Columbia County, which granted defendant Village of Philmont's motion for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff David Oles (hereinafter plaintiff) sustained injuries when he fell from a waterfall on Agawamuck Creek in Columbia County. The complaint alleges that defendant Village of Philmont is an owner of property adjacent to Agawamuck Creek in the vicinity of the waterfall and that it was negligent in failing to erect or maintain a fence and in permitting a dangerous condition to exist on its property. Special Term granted the Village's motion for summary judgment dismissing all claims against it. This appeal by plaintiff ensued.

Based upon the facts and circumstances established by the record, it is apparent that the provisions of General Obligations Law § 9-103 impose the standard of care applicable to

the Village as a landowner *(see, Sega v State of New York,* 89 AD2d 412, 414, *affd* 60 NY2d 183). Since "[t]he standard imposed by section 9-103 requires a graver act than mere negligence before liability may be imposed" *(Sega v State of New York,* 60 NY2d 183, 192-193), plaintiff's allegations of mere negligence against the Village are insufficient to survive a summary judgment motion. The order should, therefore, be affirmed.

Order affirmed, with costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.